Armstrong County Memorial Hospital, Petitioner
*v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 8, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*B. Albert Bertocchi*, with him *McCue, Bertocchi and Heim*, for appellant.

*Betty F. Perry*, Assistant Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 4, 1979:

The Pennsylvania Department of Public Welfare (DPW) denied reimbursement to Armstrong County Memorial Hospital (Appellant) by sustaining a hearing examiner's affirmance of a determination by the Utilization Review Division of DPW (URD) that care rendered to a patient was medically unnecessary and therefore non-compensable.[1] We affirm the Department.

Is it an abuse of discretion to deny reimbursement to an acute care hospital for a period in which the patient no longer required acute care but was in need of a lesser level of care which could be provided by an available foster home but where delay in transfer resulted from family pressure?

The patient was admitted acutely ill on March 7, 1977, after suffering a stroke. By March 31, 1977, her

---

[1] Patient was eligible for state medical assistance pursuant to Section 443.1 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, added by Section 5 of the Act of July 31, 1968, P.L. 904, *as amended*, 62 P.S. §443.1.

condition had improved and discharge, effective on that date, was ordered by her attending physician. However, since the patient lived alone, it was deemed advisable to provide her with a lesser level of care.

Appellant, aware that funding would be unavailable subsequent to the discharge date and realizing that patient could not care for herself, began early discharge planning prior to March 31, 1977. The patient lived alone and her family refused to cooperate with hospital plans to transfer the patient to an available foster home. They were unwilling to advance the necessary cost of transfer to the patient in spite of the fact that the patient's social security and disability income was sent directly to the family. The family desired that the hospital continue to provide care until a rehabilitation center was available. No rehabilitation center was available for five to six weeks. Appellant continually informed the patient's family that they would be liable for expenses. The family refused to cooperate in the transfer.

Appellant eventually applied to the Bureau of Vocational Rehabilitation which provided the financial assistance. This option to apply to the Bureau for the advance cost of one month's salary at the foster home was continually open to Appellant. Appellant delayed transfer over a month after medical discharge resulting in a cost overrun of some $4,000.00. The hospital room was $134.00 a day while the foster home was $250.00 per month. The patient remained in the hospital for 34 days subsequent to medical discharge.

Appellant cites *Department of Public Welfare v. Temple University*, 21 Pa. Commonwealth Ct. 162, 343 A.2d 701 (1975), as controlling. Judge BLATT, writing for the Court, reasoned with regard to virtually identical regulations[2] that,

---

[2] Now found at DPW-OMP-MA Manual 9421.45.

where a patient may no longer be in need of continued acute hospital care but does need some lower level care . . . that it would be an abuse of administrative discretion to deny reimbursement to hospitals which have diligently put forth every effort to locate, without success, an appropriate lesser care facility or a competent relative for the patient.

21 Pa. Commonwealth Ct. at 166, 343 A.2d at 704.

Judge BLATT concluded:

In such circumstances there is still a medical necessity for the hospital services.

The instant facts stand in marked contrast to those in *Temple, supra.* There, neither a lesser care facility nor a competent relative was available. Here, a foster home was available and adult family members (children of the patient) were aware of the patient's needs and in control of her money. The family was repeatedly warned of the hospital expenses that would result from delayed transfer. The hospital delayed transfer as a result of the family pressure even though funds were available from the Bureau of Vocational Rehabilitation.

We hold that reimbursement of the hospital in this instance would constitute a capricious disregard of the proper utilization of very limited welfare resources which are undeniably necessary to care for the medically needy.

Accordingly, we

### ORDER

AND Now, this 4th day of June, 1979, the order of the Commonwealth of Pennsylvania, Department of Public Welfare, dated March 2, 1978, denying the appeal of Armstrong County Memorial Hospital is affirmed.